[Civ. No. 42813. Second Dist., Div. Four. July 19, 1974.]

CITY OF LOS ANGELES, Plaintiff and Appellant, v.
WILBERT E. BECK et al., Defendants and Respondents.

Burt Pines, City Attorney, Milton N. Sherman, Assistant City Attorney, Ronald J. Einboden and James L. Spitser, Deputy City Attorneys, for Plaintiff and Appellant.

Fadem, Kanner, Berger & Stocker and Gideon Kanner for Defendants and Respondents.

## OPINION

**KINGSLEY, J.**—A defendant in the instant case, Mr. Beck, was a plaintiff in an inverse condemnation action entitled "Greater Westchester Home-owners Ass'n., et al. v. City of Los Angeles," LASC No. 931989 (herein-after referred to as the GWHA case, filed on May 9, 1968). That action was brought to have the court declare that property of plaintiffs in GWHA was taken by the City of Los Angeles by reason of the noise of jet over-flights. On November 2, 1971, plaintiff and appellant herein, the City of Los Angeles, filed a complaint in eminent domain to seek the condemnation of a number of real properties, including the property of defendant Beck. After the instant action was filed the Legislature enacted Code of Civil Procedure section 1246.3, providing for recovery of litigation costs by a plaintiff in successful inverse condemnation actions. The property owners in the instant case moved to amend their answer to seek an award under

Code of Civil Procedure section 1246.3. The trial court denied the motion but held that the defendant property owners were reserved the right to file a cost bill pursuant to section 1246.3 and section 1246.4 of the Code of Civil Procedure.

After the decision in the case of *Klopping* v. *City of Whittier* (1972) 8 Cal.3d 39 [104 Cal.Rptr. 1, 500 P.2d 1345] became final, the property owners moved to consolidate the Beck case (the instant condemnation action) with the GWHA case (the earlier inverse condemnation action). The owners' motion was denied.

In the final pretrial order the trial court stated that the instant case involves "issues of inverse condemnation and interpretation of *Klopping* v. *The City of Whittier*."

On December 26, 1972, the instant condemnation case proceeded to trial. The jury's verdict established defendant Beck's property to be valued at $56,278. Defendant Beck filed a memorandum of costs, claiming an additional $1,028.94 for appraiser's fee, and $3,392.66 for attorney's fees. On February 5, 1973, plaintiff city filed a notice of motion to tax costs as to appraiser's and attorney's fees, and the motion was denied.

At the time of judgment in the instant condemnation action the inverse condemnation action had not yet proceeded to trial.

The city appeals.

The only issue before this court is whether defendant property owners in an eminent domain condemnation proceeding are entitled to compensation for their attorney's fees and appraiser's fees by virtue of Code of Civil Procedure section 1246.3 (which provides for awarding of attorney's fees and appraiser's fees to a successful plaintiff in *inverse* condemnation proceedings) where the eminent domain condemnation action proceeds to final judgment before the termination of the inverse condemnation action.

Section 1246.3 of the Code of Civil Procedure clearly provides for appraiser's fees and attorney's fees for the plaintiff in inverse condemnation proceedings, but not for a defendant in eminent domain proceedings.

The language of the statute reads as follows: "In any inverse condemnation proceeding brought for the taking of any interest in real property, the court rendering judgment for the plaintiff by awarding compensation for such taking, or the attorney representing the public entity who effects a settlement of such proceeding, shall determine and award or allow to such plaintiff, as a part of such judgment or settlement, such sum as will, in

the opinion of the court or such attorney, reimburse such plaintiff for his reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of such proceeding."

However, defendant homeowners and the lower court rely on the decision of *Klopping* v. *City of Whittier, supra,* 8 Cal.3d 39, 58, for the proposition that the defendants herein are entitled to damages they would have received in the inverse condemnation action, where the direct condemnation proceeds to judgment first. Defendant homeowners argue that the "final judgment in a direct condemnation action is determinative of the just compensation sought in a concurrently-pending inverse condemnation action." The language from *Klopping* upon which the homeowners rely to support their views that the defendants herein are entitled to attorney's and appraiser's fees, appears on page 58, and is as follows: "Both plaintiffs here seek to recover damages in inverse condemnation and not as part of an eminent domain award. The city contends that since neither currently owns the property they are each barred. With regard to plaintiff Klopping, the city asserts that since his land was taken in a second condemnation action which proceeded to judgment he should have claimed the damages he now seeks as part of his eminent domain award. We agree. While it is true that Klopping did bring his inverse condemnation suit before the city instituted its second condemnation action the eminent domain action proceeded to final judgment first. Since Klopping could have claimed his loss of rental income, if any, occasioned by the two precondemnation announcements in the eminent domain suit, he is barred from seeking those damages in inverse condemnation once the condemnation proceeding becomes final. 'Where two actions involving the same issue are pending at the same time, it is not the final judgment in the first suit, but the first final judgment, although it may be rendered in the second suit, that renders the issues res judicata in the other court.' (*Domestic & Foreign Pet. Co., Ltd.* v. *Long* (1935) 4 Cal.2d 547, 562 [51 P.2d 73]; 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 166.) Had the city abandoned its condemnation action for a significant period of time so that the inverse condemnation action proceeded to judgment first, any recovery there would bar a duplicate award for the same damage when eminent domain proceedings were subsequently reinstituted."

Nothing in the above-quoted language of *Klopping* suggests that section 1246.3 of the Code of Civil Procedure, a statute which by its very language is related only to inverse condemnation proceedings, should apply in such a way that attorney's fees may be awarded in direct condemnation proceedings. The *Klopping* court held that, since Mr. Klopping *could have*

claimed his loss of rental income in the direct eminent domain proceedings, he is barred from later seeking those damages in inverse condemnation once the eminent domain proceeding is final. There is nothing within the *Klopping* case which suggests that defendant herein could have sought payment for attorney's and appraiser's fees in the eminent domain action as well as in the inverse condemnation action. *Klopping* does not deal with attorney's and appraiser's fees; *Klopping* deals with loss of rental income. The instant case deals with attorney's and appraiser's fees, and attorney's and appraiser's fees have always been subject to special statutory rules. *Klopping* has no application to the case before us.

The California Supreme Court in *County of Los Angeles* v. *Ortiz* (1971) 6 Cal.3d 141 [98 Cal.Rptr. 454, 490 P.2d 1142], is in point. That case held that the allowance of costs is a matter resting with the Legislature and, since no statute authorizes the awarding of costs in eminent domain proceedings, the trial court had properly upheld the county's objections to defendants' cost bills. ■ Applying the reasoning and language of *Ortiz* to the instant case, we find that "determination of costs which are permissibly recoverable remains with the Legislature rather than the courts." (*County of Los Angeles* v. *Ortiz, supra,* 6 Cal.3d 141 at pp. 148-149.) The Legislature has unequivocally expressed a policy in section 1246.3 of the Code of Civil Procedure that attorney's fees and appraiser's fees are to be recovered only in *inverse condemnation* proceedings. The Legislature has not expressed a similar policy about these fees in eminent domain proceedings. The language of Code of Civil Procedure section 1246.3 could not be clearer.

Furthermore, the *Klopping* case, itself, restates the rule that it is the policy of the Legislature to provide for attorneys' fees and witness' fees only in limited instances, and *Klopping* states that such fees are generally not required. On page 54, footnote 7, the *Klopping* court states in part: "Similarly, recovery for expert witness and attorneys' fees is not compelled constitutionally [citing *Ortiz*] but is authorized in some *limited instances* by statute (Code Civ. Proc., § 1246.3)." (Italics added.) Thus, the *Klopping* court has reaffirmed the rule that expert witness and attorneys' fees are not constitutionally required but are granted only by statute. (See also, *Parking Authority* v. *Nicovich* (1973) 32 Cal.App.3d 420, 430 [108 Cal.Rptr. 137].) Since no statute grants such recovery in direct condemnation proceedings, defendants herein may not recover.

Respondents argue that this case involves issues of inverse condemnation and therefore it was proper for the trial court to apply section 1246.3 of the Code of Civil Procedure. Respondents rely on language in the pretrial

order that the case involves issues "of inverse condemnation and interpretation of *Klopping* v. *The City of Los Angeles*." ■ This language in the pretrial order does not create a judicial metamorphosis and turn the instant eminent domain proceeding into an inverse action, such that Code of Civil Procedure section 1246.3 applies. The above sentence in the pretrial order may mean nothing more than that the trial court must decide whether *Klopping* applies to the instant case. This sentence is insufficient to create a consolidated case where the judge denied consolidation.

As we have noted, the inverse condemnation action was not consolidated with the direct condemnation suit and the present appeal does not raise the denial of the motion to consolidate as an issue before us. Whether the inverse condemnation action involves any elements of damage, other than those elements which *Klopping* held must be claimed in the condemnation suit, we do not determine. When, if ever, the still pending inverse condemnation suit is brought to trial, the trial court in that proceeding will determine how far, under *Klopping*, the judgment in the condemnation suit is res judicata. ■ We here determine only that Mr. Beck cannot secure, as costs in this condemnation suit, reimbursement for his attorney's and appraiser's fees in this action.

The order appealed from is reversed.

Files, P. J., and Dunn, J., concurred.


Respondents' petition for a hearing by the Supreme Court was denied September 12, 1974.